## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MADELLA E. HENDERSON,       )
                                  )
                Plaintiff,   )
                                  )   **CIVIL ACTION**
v.                               )
                                  )   **No. 11-2645-JWL**
MICHAEL J. ASTRUE,        )
Commissioner of Social Security,    )
                                  )
               Defendant.   )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability benefits (SSD) under sections 216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423 (the Act). Finding error in the assessment of residual functional capacity (RFC), the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

## I.    Background

Plaintiff applied for SSD on July 20, 2007, alleging disability beginning June 1, 2007.  (R. 19, 127-35).[1]  The applications were denied initially and upon reconsideration,

---

[1]Plaintiff asserts she filed her application on September 12, 2007.  (Pl. Br. 1).  The court uses the dates stated in the decision because Plaintiff does not allege error therein.

and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 19, 71-72, 81-82).  Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ William G. Horne on December 9, 2009.  (R. 19, 32-69).  At the hearing, testimony was taken from Plaintiff and from a vocational expert.  (R. 19, 32-69).  On March 3, 2010,[2] ALJ Horne issued a decision finding that Plaintiff is able to perform her past relevant work as a general inspector, and is therefore not disabled within the meaning of the Act.  (R. 19-27).  Consequently, he denied Plaintiff's application.  Id.

Plaintiff sought review by the Appeals Council of the ALJ's decision and submitted a representative's brief.  (R. 15, 230-32).  The Council made the representative's brief a part of the administrative record and considered the brief, but determined that substantial evidence supported the ALJ's decision, found that the representative's brief did not provide a basis to change the decision, and found no reason under the rules of the Social Security Administration to review the decision.  (R. 1-6).  Therefore, the Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner.  (R. 1);  Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of that decision. (Doc. 1).

**II.     Legal Standard**

_____

[2]Because the Commissioner's decision in this case was issued on March 3, 2010 every citation to the Code of Federal Regulations in this opinion, unless otherwise stated, refers to the 2009 edition of 20 C.F.R. Parts 400 to 499, Revised as of April 1, 2009.

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)); see also, 42 U.S.C. § 1383(c)(3) (SSI decision "shall be subject to judicial review as provided in section 405(g)").  Section 405(g) provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not

substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity

4

of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).

Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses

claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both

step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five in the sequential process--

determining whether claimant can perform past relevant work; and whether, considering

vocational factors of age, education, and work experience, claimant is able to perform

other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).

In steps one through four the burden is on claimant to prove a disability that prevents

performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006);

accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at

751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in

the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088

(10th Cir. 1999).

Plaintiff claims the ALJ erred in three respects in making his RFC assessment, and

that the Medical-Vocational Guidelines require a finding that Plaintiff is disabled.  With

regard to RFC, she argues that the ALJ accorded "significant weight" to Dr. Fishman's

opinion that Plaintiff is unable to tolerate prolonged standing and walking, yet found that

Plaintiff could stand and/or walk about six hours in an eight-hour workday, and that it

was error for him to fail to explain how he resolved that apparent conflict.  She also

argues that the ALJ erred in failing to account for her vision limitations and mental

5

limitations in assessing RFC.  The Commissioner argues that the ALJ properly assessed

Plaintiff's functional limitations both in standing and walking, and in limitations resulting

from her vision impairments and mental impairments.  He argues that the Medical-

Vocational Guidelines are inapplicable in the circumstances of this case because the ALJ

determined at step four of the sequential evaluation process that Plaintiff is able to

perform her past relevant work, and because the Medical-Vocational Guidelines are

applied only at step five of the process.  In her reply brief, Plaintiff reiterates her

argument that the ALJ failed to explain how he found that Plaintiff can stand and/or walk

six hours in an eight-hour workday although he also found that she is unable to tolerate

prolonged standing and walking.

The court agrees with Plaintiff that the inability to tolerate prolonged standing and

walking appears to be inconsistent with the ability to perform six hours of daily standing

and/or walking as required by most light work, and that it was error for the ALJ to fail to

explain and resolve this inconsistency.  The court finds that remand is necessary for the

Commissioner to explain and resolve the inconsistency.  Because remand will require a

new RFC assessment and application of steps four and five of the sequential evaluation

process, and because Plaintiff's remaining arguments relate to RFC assessment and those

steps, Plaintiff may make those arguments on remand.  This court will not address them.

## III.    Standing and Walking Limitations

Plaintiff points out that the ALJ assessed her with the RFC to perform the

exertional requirements of light work, and gave "significant weight" to Dr. Fishman's

6

opinion, but that Dr. Fishman opined that Plaintiff is unable to tolerate prolonged

standing and walking.  (Pl. Br. 7) (citing R. 23, 26, 328).  She then points out that Social

Security Ruling (SSR) 83-10 defines "light work" as work that requires frequent lifting or

carrying and explains that the primary difference between sedentary work and light work

is that light work requires a good deal of walking or standing.  Id. (citing SSR 83-10).

She notes the ruling's explanation that because light work requires frequent lifting or

carrying, it requires standing or walking, off and on, for a total of approximately six hours

of an eight-hour workday, with intermittent sitting for the remaining two hours of the

workday.  Id. at 7-8 (citing SSR 83-10).  Plaintiff points to her hearing testimony that she

can stand for only two hours during a workday and to the Vocational Expert's (VE)

testimony that an individual with such a limitation cannot perform either light work in

general or Plaintiff's past relevant work as an inspector in particular.  Id. at 8 (citing R.

66-67).  Plaintiff argues that because the ALJ failed to resolve the conflict between "a

good deal of walking or standing, off and on, for a total of approximately six hours in an

eight-hour workday," and Dr. Fishman's opinion that Plaintiff is unable to tolerate

"prolonged standing and walking," remand is necessary to rectify this error.  Id. (citing

Casatelli v. Comm'r of Soc. Sec., No. 08-3662 (FLW), 2009 U.S. Dist. LEXIS 78110

(D.N.J. Aug. 31, 2009); and Griffin v. Astrue, No. 07-1636, 2009 U.S. Dist. LEXIS

23590 (W.D. La. March 20, 2009)).

  The Commissioner responds by asserting that the ALJ properly determined

Plaintiff's allegations of symptoms are not credible and properly noted that no treating

physician placed any limitation on Plaintiff's activities.  (Comm'r Br. 5-8).  In making

these assertions, the Commissioner is asserting that Plaintiff's allegation that she is

limited to standing only two hours in a workday was properly disregarded by the ALJ.

The Commissioner then addresses Dr. Fishman's opinion and acknowledges that the

physician opined that Plaintiff cannot tolerate work activities involving prolonged

standing and walking.  Id. at 9.  The Commissioner acknowledges that a full range of

light work requires standing or walking, off and on, for a total of approximately six hours

in an eight-hour workday, but then argues that "[n]othing in the Commissioner's rules and

regulations indicates than an inability to tolerate prolonged standing and walking would

preclude jobs that only require standing and walking off and on," and notes that SSR 83-

10 explains that being on one's feet for most of the workday is critical for medium work,

not light work.  Id. (emphases in original).  He notes that the ALJ did not find that

Plaintiff is required to stand or walk for six hours continuously, but that Plaintiff needed a

break to go to the restroom every two hours.  Id. at 10.  The Commissioner argues that Dr.

Fishman did not preclude frequent walking and standing, and did not define the term

"prolonged" as used in his report.  (Comm'r Br. 10).  He concludes that "two hours of

walking and standing with intermittent sitting [followed by a restroom break] properly

accounts for Dr. Fishman's statement that Plaintiff could not tolerate work activities

involving prolonged standing and walking." id., and that "substantial evidence supports

the ALJ's conclusion that Plaintiff retained the functional capacity to stand and walk off

and on, for a total of approximately six hours in an eight-hour workday with restroom breaks every two hours."  Id. at 11.

In her reply brief, Plaintiff argues that because the ALJ failed to reconcile Dr. Fishman's limitation from prolonged standing and walking with the ALJ's assessment of the ability to stand and/or walk, off and on, for six hours total in an eight-hour workday, and because he failed to address the frequency of a need to alternate between sitting and standing, he has not demonstrated that substantial record evidence support the decision, and remand is necessary to address these ambiguities and inconsistencies.  (Reply, 2-3) (citing SSR 96-6; and Maynard v. Astrue, 276 F. App'x 726, 730 (10th Cir. 2007)).

###### A.    Standard for Assessing RFC

An administrative agency must give reasons for its decisions.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988)).  RFC is an assessment of the most a claimant can do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1545(a); see also, White, 287 F.3d at 906 n.2.  It is an administrative assessment, based on all the evidence, of how plaintiff's impairments and related symptoms affect her ability to perform work related activities. Id.; see also SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 126 (Supp. 2012) ("The term 'residual functional capacity assessment' describes an adjudicator's findings about the ability of an individual to perform work-related activities."); SSR 96-8p, West's Soc. Sec. Reporting Serv., 144 (Supp. 2012) ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s) . . . may cause

physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.").

Although an ALJ is not an acceptable medical source qualified to render a medical opinion, it is "the ALJ, not a physician, [who] is charged with determining a claimant's RFC from the medical record." Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004). "And the ALJ's RFC assessment is an administrative, rather than a medical determination." McDonald v. Astrue, No. 11-1263, slip op. at 21, 2012 WL 2989935 (10th Cir. July 23, 2012) (citing Social Security Ruling (SSR) 96-05p, 1996 WL 374183, at *5 (July 1996)). Because RFC assessment is made based on "all of the evidence in the record, not only the medical evidence, [it is] well within the province of the ALJ." Dixon v. Apfel, No. 98-5167, 1999 WL 651389, at **2 (10th Cir. Aug. 26, 1999); 20 C.F.R. § 404.1545(a). Moreover, the final responsibility for determining RFC rests with the Commissioner. 20 C.F.R. § 404.1527(e)(2), 404.1546.

The Commissioner issued SSR 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2012). The ruling includes narrative discussion requirements for the RFC assessment. Id. at 149. The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports the conclusions, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. Id. The

discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved.  Id.  If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt that opinion. Id. at 150.

**B.    Analysis**

As the Commissioner's Response Brief implies, the ALJ found that Plaintiff's allegations of symptoms resulting from her impairments are not credible.  (R. 24). Plaintiff does not allege error in this finding.  Therefore, the court must assume that the ALJ did not accept Plaintiff's testimony that she is limited to walking a quarter of a mile, limited to standing for twenty minutes in an hour, or limited to two hours of standing total in an eight-hour workday.  However, Plaintiff's testimony regarding standing and walking limitations is not at issue here.  Moreover, the fact that no treating physician placed any limitations on Plaintiff's capability for standing or walking is of little consequence in this case because an examining physician, Dr. Fishman, did so.

Plaintiff alleges that the ALJ accorded significant weight to Dr. Fishman's opinion that Plaintiff is not able to tolerate work activities involving prolonged standing and walking, but erred in failing to explain and reconcile that limitation with the ALJ's RFC assessment that Plaintiff is able to stand and walk for a total of six hours in an eight-hour workday.  The ALJ's finding that Plaintiff's testimony is not credible does nothing to reconcile or explain the error alleged by Plaintiff.

The Commissioner's arguments--that light work only requires standing and walking off and on for a total of approximately six hours in a workday, and that the ALJ found Plaintiff must be allowed a restroom break every two hours--also do nothing to reconcile or explain the alleged error.  Since most work assumes a morning break, a lunch period, and an afternoon break at approximately two-hour intervals, the mere allowance of a restroom break every two hours to accommodate a restriction from prolonged standing and walking, renders such a restriction a nullity.  See, e.g., SSR 96-9p, West's Soc. Sec. Reporting Serv., 158 (Supp. 2012) (recognizing that sedentary work requires the ability to sit for a total of approximately six hours with two breaks and a lunch period at approximately 2-hour intervals).  The court will not assume that Dr. Fishman opined regarding a restriction which he knew would provide an actual limitation in only the most rare of jobs.

As Plaintiff points out and the Commissioner acknowledges, the ALJ accorded significant weight to Dr. Fishman's opinion that Plaintiff is "not able to tolerate work activities involving . . . prolonged standing and walking" when he fashioned the RFC assessed.  And, the ALJ limited Plaintiff to light work which, as SSR 83-10 explains, "requires a good deal of walking or standing," or "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  1983-1991 West's Soc. Sec. Reporting Serv., 29 (1992).  Moreover, the ALJ stated that the RFC assessed "is supported by . . . the opinion of Dr. Ira H. Fishman."  (R. 26).  However, the decision is silent regarding how the ALJ synthesized the findings regarding walking and standing, or

12

resolved the ambiguity presented from a reading of the plain language inherent in each finding.  This is error involving a failure to provide the narrative discussion required by SSR 96-8p.  Here, the ALJ failed to explain how these material inconsistencies or ambiguities were resolved.

In essence, the Commissioner argues that any inconsistency or ambiguity between "prolonged standing and walking," and "standing and walking off and on for a total of approximately six hours of a workday" is immaterial.  However, the court finds that it is.  No prolonged standing or walking might mean no standing or walking greater than one hour at a time or it might mean no standing or walking for more than two or three hours total in a workday.  Or, it might mean a greater or less amount of standing or walking, or any combination thereof in a workday, either at one time or in total.  If it means standing or walking less than a total of approximately six hours in a work day, then it precludes the full range of light work as found by the ALJ.  Thus, it is material to the issue of disability in this case.

The Commissioner's brief notes that Dr. Fishman did not define "prolonged" in his report, and the Commissioner offers several understandings of Dr. Fishman's opinion which are not inconsistent with performing light work as suggested by the ALJ.  The problem with these scenarios or with the Commissioner's explanation is that they are not the ALJ's explanation.  The ALJ simply did not address the issue.  An ALJ's decision should be evaluated based solely on the reasons stated in the decision.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  A decision cannot be affirmed on the

basis of appellate counsel's post hoc rationalizations for agency action.  Knipe, 755 F.2d

at 149 n.16.  Nor may a reviewing court create post hoc rationalizations to explain the

Commissioner's treatment of evidence when that treatment is not apparent from the

decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).  Remand is

necessary for the Commissioner to address the issue in the first instance, based upon the

record evidence in this case.

     This result is supported by the court's decision in Maynard, 276 F. App'x. at 729-

32.  In Maynard, the ALJ stated that he agreed with the opinions of the state agency

consultants who determined that the claimant could sit with normal breaks for six hours in

an eight-hour workday.  Id. at 729.  The court noted, however that an examining

physician had opined that the claimant was unable to sit for prolonged periods, and

provided a restriction for "no prolonged sitting."  Id., 276 F. App'x at 729.  The court

noted that the ALJ had acknowledged the examining physician's restriction, but found

that the ALJ had "failed to explain why he did not give it greater weight than the opinion

of the nonexamining state-agency consultants that Mr. Maynard could sit for six hours out

of an eight-hour workday."  Id. at 729-30.  The court also noted that the ALJ did not

"explain the apparent inconsistency between the two opinions."  Id. at 730 (citing SSR

96-8p).  Just as there was an "apparent inconsistency" between "no prolonged sitting" and

"sitting with normal breaks for six hours in a workday" in Maynard, there is an apparent

inconsistency between "no work activities involving prolonged standing or walking" and

"standing or walking, off and on, for a total of approximately 6 hours in a workday" in

14

this case.  Remand is necessary for the Commissioner to resolve the ambiguity resulting from this apparent inconsistency.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings.

Dated this 11th  day of January 2013, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

15